Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
9555 S. Eastern Avenue, Suite 220A
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CODY JAMES STEWART, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AD ASTRA RECOVERY SERVICES, INC., a domestic corporation; PIONEER SERVICES SALES FINANCE, INC.; a domestic corporation; PORTFOLIO RECOVERY ASSOCIATES, LLC; a foreign limited-liability company; SECURITY NATIONAL AUTOMOTIVE ACCEPTANCE COMPANY, LLC, a foreign limited-liability company; UNITED CONSUMER FINANCIAL SERVICES COMPANY; a foreign corporation; WELLS FARGO BANK, N.A., a national banking association; EQUIFAX, INC., a foreign corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ. AND THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET. SEQ.**<br><br>**<u>JURY DEMAND</u>** |

Plaintiff, Cody James Stewart ("Mr. Stewart"), by and through his attorney of record, Kevin L. Hernandez, Esq., and for his claims for relief against Defendants, Ad Astra Recovery Services, Inc. ("AARS"), Pioneer Services Sales Finance, Inc. ("PSSF"), Portfolio Recovery Associates, LLC ("PRA"), Security National Automotive Acceptance Company, LLC ("Security National"), United Consumer Financial Services Company ("United"), Wells Fargo Bank, N.A. ("Wells Fargo"), Equifax, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively referred to as "Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Mr. Stewart and Defendants reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Mr. Stewart is an adult individual residing in the State of Nevada.

6. Mr. Stewart is a natural person obligated or allegedly obligated to pay a debt, and therefore, Mr. Stewart is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Mr. Stewart is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. AARS is a domestic corporation doing business in the State of Nevada.

9. AARS furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

10. PSSF is a domestic corporation doing business in the State of Nevada.

11. PSFF furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

12. PRA is a foreign limited-liability company doing business in the State of Nevada.

13. PRA furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

14. Security National is a foreign limited-liability company doing business in the State of Nevada.

15. Security National furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

16. United is a foreign corporation doing business in the State of Nevada.

17. United furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

18. Wells Fargo is a national banking association doing business in the State of Nevada.

19. Wells Fargo furnishes credit information about consumers, such as Mr. Stewart, to the national consumer reporting agencies and is therefore a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

20. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

21. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

22. Equifax disburses consumer reports to third parties under contract for monetary compensation.

23. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

24. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

25. Experian disburses consumer reports to third parties under contract for monetary compensation.

26. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

27. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

28. Trans Union disburses consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

29. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

30. Mr. Stewart is a military veteran who served his country overseas.

31. While fighting for his country, an unknown person (or persons) obtained Mr. Stewart's personal identifying information.

32. The unknown person (or persons) used Mr. Stewart's identifying information to incur multiple debts without Mr. Stewart's knowledge or approval.

33. The unknown person (or persons) allowed these accounts and debts to become delinquent.

34. In approximately January 2016, Mr. Stewart became aware that there were numerous items on his national credit profiles that were either not his, or were reporting incorrect information.

35. On April 27, 2016, Mr. Stewart went to the Las Vegas Metropolitan Police Department and filled out a police report with Office Roland Salas regarding his stolen identity (the "Police Report").

36. In May 2016, Mr. Stewart sent written disputes to Equifax, Experian, and Trans Union, which each included a notarized Federal Trade Commission Identity Theft Report and the Police Report outlining in detail the theft of his identity and the tradelines involved.

37. The accounts on Mr. Stewart's Equifax credit report that were incurred without his knowledge or consent and continue to report on his credit profile post-dispute include, but are not limited to:

    a) Ad Astra Recovery Service – 4879966XXXX

      b) Ad Astra Recovery Service – 493XXXX

      c) Pioneer/Mid Country – 296XXXX

      d) Pioneer/Mid Country – 302XXXX

      e) Pioneer/Mid Country – 312XXXX

      f) Pioneer/Mid Country – 319XXXX

      g) United Consumer Financial – 6616XXXX

      h) Wells Fargo Card Services – 446542018708XXXX

38. The accounts on Mr. Stewart's Experian credit report that were incurred without his knowledge or consent and continue to report on his credit profile post-dispute include, but are not limited to:

      a) Credit Systems International – 107996271XXXX

      b) USA Discounters – 3799062XXXX

      c) Wells Fargo Card Services – 446542018708XXXX

39. The accounts on Mr. Stewart's Trans Union credit report that were incurred without his knowledge or consent and continue to report on his credit profile post-dispute include, but are not limited to:

      a) Ad Astra Recovery Service – 4879966XXXX

      b) Ad Astra Recovery Service – 5937758XXXX

      c) Pioneer/Mid Country – 319XXXX

      d) Portfolio Recovery Associates – 517805880632XXXX

      e) United Consumer Financial – 6616XXXX

      f) Wells Fargo Card Services – 446542018708XXXX

40. Mr. Stewart also recognized several addresses on his Experian profile that did not belong to him.

41. After disputing the incorrect addresses in writing to Experian, the following addresses remain on Mr. Stewart's credit profile:

      a) 4200 N. Campbell Road, Otis Orchards, WA 99027

      b) 5315 Fireside Ranch Avenue, Las Vegas, Nevada 89131

Law Office of Kevin L. Hernandez
9555 S. Eastern Avenue, Suite 220A
Las Vegas, Nevada 89123
(702) 563-4450 FAX: (702) 552-0408

42. The addresses referenced above do not belong to Mr. Stewart and he has no association with them.

43. In addition to the accounts listed on Mr. Stewart's report that were the product of identity theft, Security National also reported on all three national credit bureaus (Equifax, Experian, and Trans Union) that Mr. Stewart missed payments for months where Mr. Stewart made timely payments to Security National.

44. Security National also reports improperly that the account is charged off when it is not.

45. Security National, Equifax, Experian, and Trans Union reported account 9001010112477 as "charged off" and reported derogatory "CO" marks from May to December of 2015 and in March 2016. This information is inaccurate and was listed in Mr. Stewart's written disputes to Defendants.

46. After thirty days from Mr. Stewart's written dispute, Security National failed to remove the improper derogatory "CO" marks, instead moving the marks to April through December 2015, which is also factually incorrect.

47. Despite proper notice of the disputes, Defendants each failed to conduct reasonable reinvestigations as required under the Fair Credit Reporting Act and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Mr. Stewart's credit profiles.

48. Defendants failed to fully correct the inaccuracies in Mr. Stewart's credit report within thirty days of receipt of Mr. Stewart's disputes.

49. Defendants failed to include a notation that Mr. Stewart disputes the accuracy of the credit reporting.

50. Upon Mr. Stewart's dispute of the inaccurate information, Defendants each failed to evaluate or consider any of Mr. Stewart's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Mr. Stewart's credit reports.

51. In the alternative, Defendants each failed to conduct a lawful investigation of the disputed account information on Mr. Stewart's credit report.

52. Defendants' erroneous reporting continues to affect Mr. Stewart's creditworthiness and credit score adversely.

53. The acts and omissions of Defendants, and the other persons or entities employed as agents by Defendants, were committed within the time and space limits of their agency relationship with their principal.

54. The acts and omissions by Defendants and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

55. By committing these acts and omissions against Mr. Stewart, Defendants and these other persons or entities were motivated to benefit their principal.

56. Defendants are therefore liable to Mr. Stewart through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by their employees, including but not limited to violations of the FCRA and FDCPA.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax, Experian, and Trans Union]**

57. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

58. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files each publishes and maintains concerning Mr. Stewart.

59. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Mr. Stewart suffered, and continues to suffer, damage by loss of credit, loss of the ability to purchase and benefit from credit, as well as credit denials.

60. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union, Mr. Stewart was forced to purchase and maintain credit monitoring services, which constitutes ongoing actual harm Mr. Stewart has suffered.

61. Equifax, Experian, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

62. In the alternative, Equifax, Experian, and Trans Union were negligent in the above-referenced acts and omissions, entitling Mr. Stewart to recovery under 15 U.S.C. § 1681o.

63. As a direct and proximate result of the above-referenced violations by Equifax, Experian, and Trans Union, Mr. Stewart is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

64. Mr. Stewart is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

65. Mr. Stewart may have suffered damages in other ways and to other extents not presently known to Mr. Stewart, and not specified in this Complaint.

66. Mr. Stewart reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Equifax, Experian, and Trans Union]**

67. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

68. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Mr. Stewart's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to AARS, PSSF, PRA, Security National, United, and Wells Fargo, by failing to maintain reasonable procedures with which to filter and verify

disputed information in Mr. Stewart's credit files, and by relying upon verification from a source each has reason to know is unreliable.

69. As a direct and proximate result of this conduct by Equifax, Experian, and Trans Union, Mr. Stewart suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

70. As a direct and proximate result of this conduct, action, and inaction of Equifax, Experian, and Trans Union Mr. Stewart was forced to purchase and maintain credit monitoring services, which constitutes ongoing actual harm Mr. Stewart has suffered.

71. Equifax, Experian, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

72. Mr. Stewart is entitled to recover costs and attorneys' fees from Equifax, Experian, and Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against AARS, PSSF, PRA, Security National, United, and Wells Fargo]**

73. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

74. AARS, PSSF, PRA, Security National, United, and Wells Fargo each violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the aforementioned false representations within Mr. Stewart's credit file with Equifax, Experian, and Trans Union; by failing to properly investigate Mr. Stewart's dispute; by failing to review all relevant information regarding Mr. Stewart's dispute; by failing to respond to Equifax, Experian, and Trans Union accurately; by failing to report results on Mr. Stewart's credit profiles correctly; and by failing to permanently and lawfully correct their own internal records to prevent the aforementioned violations.

75.     AARS, PSSF, PRA, Security National, United, and Wells Fargo further violated 15 U.S.C. § 1681s-2 by failing to note a consumer dispute in Mr. Stewart's credit profiles within thirty days of receiving Mr. Stewart's written disputes.

76.     As a direct and proximate result of this conduct alleged in this Complaint, Mr. Stewart suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

77.     As a direct and proximate result of this conduct, action, and inaction of AARS, PSSF, PRA, Security National, United, and Wells Fargo, Mr. Stewart was forced to purchase and maintain credit monitoring services, which constitutes ongoing actual harm Mr. Stewart has suffered.

78.     AARS, PSSF, PRA, Security National, United, and Wells Fargo's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

79.     In the alternative, AARS, PSSF, PRA, Security National, United, and Wells Fargo were negligent in the above-referenced acts and omissions, entitling Mr. Stewart to recover under 15 U.S.C. § 1681o.

80.     As a direct and proximate result of the above-referenced violations by AARS, PSSF, PRA, Security National, United, and Wells Fargo, Mr. Stewart is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

81.     Mr. Stewart is entitled to recover costs and attorneys' fees from AARS, PSSF, PRA, Security National, United, and Wells Fargo in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

82.     Mr. Stewart may have suffered damages in other ways and to other extents not presently known to Mr. Stewart, and not specified in this Complaint.

83.     Mr. Stewart reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

///

## FOURTH CLAIM FOR RELIEF

**[Violations of the FDCPA, 15 U.S.C. § 1692e(8) and § 1692e(10) against AARS, PRA, and United]**

84. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

85. AARS, PRA, and United regularly collect or attempt to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, AARS, PRA, and United are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

86. AARS, PRA, and United's principal purpose is to collect consumer debts, and therefore, AARS, PRA, and United are each "debt collectors" as defined by 15 U.S.C. § 1692a(6).

87. Within the past year, AARS, PRA, and United each wrongfully engaged in collection activities against Mr. Stewart for alleged consumer financial obligations (the "Debts").

88. AARS asserts that Mr. Stewart incurred the Debts as a result of services provided by various consumer creditors ("Creditors"), which were primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

89. The Debts were purchased, assigned, or transferred to AARS, PRA, and United for collection purposes after the Debts were allegedly in a default status with the Creditors.

90. AARS, PRA, and United each violated 15 U.S.C. § 1692e(8) by communicating credit information that is known or should have been known to be false, including without limitation, reporting accounts on Mr. Stewart's national credit profiles that each knew or should have known did not belong to Mr. Stewart after receiving Mr. Stewart's written dispute.

91. AARS, PRA, and United each violated 15 U.S.C. § 1692e(8) by failing to communicate and report that Mr. Stewart disputes the reporting of their accounts on Mr. Stewart's national credit profiles.

92. AARS, PRA, and United each violated 15 U.S.C. § 1692e(10) by employing various false representations and deceptive means to collect the alleged Debts, including without limitation, willfully damaging Mr. Stewart's credit profiles in an effort to harm Mr. Stewart's

credit score and creditworthiness by reporting accounts they knew or should have known did not belong to Mr. Stewart to the national credit bureaus.

93. The preceding acts and omissions of AARS, PRA, and United constitute multiple intentional, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

94. As a direct and proximate result of the above-referenced violations by AARS, PRA, and United, Mr. Stewart is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

95. As a direct and proximate result of AARS, PRA, and United's conduct, action, and inaction, Mr. Stewart was forced to purchase and maintain credit monitoring services, which constitutes ongoing actual harm Mr. Stewart has suffered.

96. Mr. Stewart has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect his legal rights and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: September 1, 2016.

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
9555 S. Eastern Avenue, Suite 220A
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*